UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**

FEB 29 2008

~~~~~~~~

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 07-40055-15 |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | ON MOTIONS |
| BRANYON PIPPENGER, | * | |
| a/k/a "Bam Bam," | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### Government's Request for Disclosure, Doc. 144

The Government's Request for Disclosure seeks discovery pursuant to Rule 16(b) and Rule 26.2 of the Federal Rules of Criminal Procedure. The parties are required to comply with the various rules, statutes and holdings of case law. Accordingly, the Government's Requests for Disclosure are DENIED AS MOOT, subject to leave to reopen if discovery becomes disputed.

### Defendant's Motion for Bill of Particulars, Doc. 383

In this criminal case, Defendant is charged in the Second Superseding Indictment with numerous other defendants with conspiracy to distribute and possess with the intent to distribute 50 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). That rule states:

#### Rule 7. The Indictment and the Information

**(f) Bill of Particulars.** The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Defendant requests the bill of particulars contain (1) the date and location at which the alleged conspiracy is said to have started; (2) the date and location at which the alleged conspiracy is said to have ended; and (3) the dates, locations, and times of the acts constituting the alleged conspiracy

Count I of the Second Superseding Indictment alleges:

From on or about late 2005 to the date of this Indictment, in the District of South Dakota and elsewhere, Quadiri Ayodele, a/k/a "Black," a/k/a "Tokes," a/k/a "Skits"; Olimedji Ayodele, a/k/a Oladimeji Ayodele, a/k/a "O," a/k/a "Ola"; Dominique Riggins, a/k/a "G"; Joel Taylor, a/k/a "Fat Boy," a/k/a "Big Boy"; John Stanford; Quentin Booker, a/k/a "Q"; Herman Motley, a/k/a "Blade"; Michelle Lewis; Frank Baker; Crishawn Bonwell; Eugene Garcia, a/k/a "P," a/k/a "Nip"; Branyon Dale Pippenger, a/k/a "Bam Bam"; Lori Sampson; Stacie Lynn Schroder; Matthew Bernard Weldon; Arlene Tiffany Weldon, a/k/a "Tiffany," a/k/a "T-Baby"; Susan Ann Hansen; Kayce Lee Lessman; Joshua Lloyd Matlock, a/k/a "J-Rock," a/k/a "J-Rod," a/k/a "J"; Angie Graham; Craig Lewis; and Jerry George, did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute, 50 grams or more of a mixture and substance containing cocaine base (commonly referred to as crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided, and the court should grant the motion if necessary to prevent unfair surprise at trial. United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986). See also, United States v. Butler, 822 F.2d 1191, 1193-94 (D.C.Cir.1987). The court must strike a "prudent balance" between the legitimate interest of the government and the defendant. United States v. MacFarlane, 759 F.Supp. 1163, 1169 (W.D.Pa.1991). A bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence. United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990). A bill of particulars properly includes clarification of the indictment, not the government's proof of its case. United States v. Smith, 341 F.Supp. 687, 690 (N.D.Ga.1972).

Likewise, acquisition of evidentiary detail in the form of the exact times of the acts alleged in the indictment for purposes of establishing an alibi is not the function of a bill of particulars. United States v. Long, 449 F.2d 288, 294-95 (8th Cir. 1971). Defendant moves the court for a bill of particulars to provide several specific items of information regarding the charge contained in the Second Superseding Indictment. He seeks specific dates and times of the acts he allegedly

-2-

committed in furtherance of the conspiracy and the identity of the persons with whom he committed the acts. The "whens wheres and with whoms of acts and participation in the charged conspiracy" is not properly the function of a bill of particulars. United States v. Jiminez, 824 F.Supp. 351, 365 (S.D.N.Y. 1993).

Unlike the general federal conspiracy statute, see 18 U.S.C. § 371, the conspiracy provision of the Controlled Substances Act does not require an indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846; see United States v. Covos, 872 F.2d 805, 810 (8th Cir. 1988); United States v. Dempsey, 806 F.2d 766, 769 (7th Cir.1986); United States v. Sweeney, 688 F.2d 1131, 1140 (7th Cir.1982). In fact, the Supreme Court has held that proof of "the commission of any overt acts in furtherance of the conspiracy" is not even required for a conviction under 21 U.S.C. § 846. United States v. Shabani, 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Thus, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." United States v. Sweeney, 688 F.2d at 1140. The Second Superseding Indictment in this case meets these standards.

The Second Superseding Indictment does not specially allege or quantify the exact amount of controlled substances the government attributes to the Defendant's own actions, the actions of those he aided and abetted, and the reasonably foreseeable actions of others. The information set forth in the Second Superseding Indictment, along with the extensive discovery provided to date, are however, sufficient for the preparation of a defense. See United States v. Stephenson, 924 F.2d 753, 762 (8th Cir.). Because the United States has represented to the Court that it has supplied extensive discovery and because the Second Superseding Indictment in this case provides the Defendant with the essence of the charges against him, the Defendant has not shown that a bill of particulars is necessary to prevent unfair surprise at trial. Accordingly, IT IS ORDERED that Defendant's Motions for Bill of Particulars are DENIED.

### Motion for Disclosure of Witness Inducements, Doc. 488

The defendant has moved the court for an order requiring the United States to disclose any agreement entered into between the government and any government witness that could influence said witness' testimony. The United States, in response to the motion, has indicated that it will disclose information as obligated under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and their progeny, but otherwise resists Defendant's motion.

Accordingly, it is hereby

ORDERED that the defendant's motion for disclosure of witness inducements is granted, in part, and the United States shall provide the information as required under <u>Brady</u> and <u>Giglio</u> and their progeny to defendant no later than two weeks prior to trial. The balance of Defendant's motion is denied.

### Motion for Severance, Doc. 788

Defendant has moved the Court for a severance from his co-defendants. Defendant is charged in the Second Superseding Indictment along with numerous other defendants with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant moves for severance from his co-defendants pursuant to Fed. R. Crim. P. 14. That rule states:

**Rule 14. Relief from Prejudicial Joinder**

**(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

**(b) Defendant's Statements.** Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

In the body of his Motion, Defendant asserts a joint trial with such a large number of defendants and the government's lack of factual basis concerning him will prejudice his chances for a fair and impartial trial.

The grant or denial of a motion to sever is left to the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion that resulted in clear prejudice. <u>United States v. Lawson</u>, 173 F.3d 666, 671 (8th Cir. 1999). Fed. R. Crim. P. 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses." "In ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. To grant a motion for severance, the necessary prejudice must be severe or compelling. This is because a joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome." <u>United States v. Pherigo</u>, 327 F.3d 690, 693 (8th Cir. 2003). "Persons charged with a

conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Kime, 99 F.3d 879, 880 (8th Cir. 1996).

Although Defendant and his co-defendants may have antagonistic defenses the United States Supreme Court has addressed this argument in Zafiro v. United States, 113 S.Ct. 933, 506 U.S. 534, 122 L. Ed.2d 317 (1993). The Court recognized many of the Courts of Appeals have expressed the view that "mutually antagonistic" or "irreconcilable" defenses may be so prejudicial in some instances so as to mandate severance. Id., 506 U.S. at 538, 113 S.Ct. at 937. See e.g. United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995) (recognizing the existence of antagonistic defenses does not require severance unless defenses are actually irreconcilable).[1] The Court recognized, however, that in most instances, the degree of prejudice to require separate trials cannot be shown. Id. The Court declined to adopt a bright-line rule requiring severance when co-defendants present antagonistic defenses, or even if prejudice is shown. Rather, the District Court is allowed wide discretion to tailor relief to the specific situation presented by each case. Id. 506 U.S. at 538, 113 S.Ct. at 538-59. The Court cautioned that co-defendants properly joined under Rule 8(b) should be severed only if a joint trial would (1) compromise a specific trial right of one of the defendants; (2) prevent the jury from making a reliable judgment about the guilt or innocence of one of the defendants. Id. The examples given by the Supreme Court were a complex, multi-defendant case in which evidence which would not be admissible in a separate trial is admitted in a joint trial, against a co-defendant, or when many defendants who had markedly different degrees of culpability were tried together in a complex case. Id. The Supreme Court rejected, however, the defendant's notion that "the very nature of their defenses, without more, prejudiced them." Id., 505 U.S. at 539-40, 113 S.C. at 938. The Court held that usually, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."

In Zafiro the Court summarized the co-defendants' theories as "both claiming they were

---

[1]The co-defendants in Shivers were accused of distributing cocaine. They each pointed the finger at the other. One claimed he did not know the package handed to him by the other was cocaine. The other claimed he did not know there was cocaine in the car, nor did he give his co-defendant any cocaine. The Shivers court held that a joint trial was appropriate, because "one defendant's attempt to save himself at the expense of another co-defendant is not a sufficient ground to require severance." Shivers, 66 F.3d at 940.

innocent and accusing the other of the crime."    They asserted entitlement to a severance because of the prejudice caused by their mutually antagonistic defenses.    The Supreme Court noted the Government had offered evidence that each defendant was guilty. "Even if there were some risk of prejudice, here it is of the type that can be cured with proper instructions and juries are presumed to follow their instructions." Id., 506 U.S. at 540, 113 S.C. at 939.    In this case, as in Zafiro, even if the defendants each claim the other is solely responsible for the alleged drug distribution, the District Court may avoid prejudice by, for example, instructing the jury: (1)  that the Government has the burden of proving beyond a reasonable doubt that each defendant committed the crimes charged against him; (2) the jury must give separate consideration to each individual defendant and to each separate charge against him; (3) and that each defendant is entitled to have his case determined from his own conduct and from the evidence that may be applicable to him. Zafiro, 506 U.S. at 541, 113 S.C. at 939.

        In United States v. Kime, 99 F.3d 879, 880 (8th Cir. 1996), the defendant argued he was "unfairly tarred" by the spillover effect from the "vast majority" of evidence which was admissible only against his co-defendant. The Eighth Circuit held that severance was not warranted. "To justify severance, the defendant must show more than the mere fact that his or her chances for acquittal would have been better had he been tried separately . . . Mere disparity of evidence against co-defendants or the alleged prejudicial spillover effect of evidence against a co-defendant are not grounds for severance absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant." Id. at 880. Factors bearing on whether the jury will be able to compartmentalize the evidence are the length and expected complexity of the trial. Id. In this case, the alleged conspiracy was relatively short (from late 2005 to October 2007), and the Second Superseding Indictment contains one count against each defendant - conspiracy to distribute 50 grams or more of a mixture and substance containing cocaine base. "Any risk of prejudice [may be] reduced by the district court's instructions, which [should direct] the jury to consider each offense and its supporting evidence separately, and to analyze the evidence with respect to each individual without considering evidence admitted solely against other defendants." United States v. Mathison, 157 F.3d 541, 546 (8th Cir. 1998) (citations omitted). See also United States v. Moore, 149 F.3d 773, 778 (8th Cir. 1998)(risk that jurors would not be able to compartmentalize evidence against various defendants was minimized by court's ongoing limiting instructions); United States v. Flores, 362 F.3d 1030 (8th Cir. 2004) (no requirement in a joint trial that the quantum evidence of each

defendant's culpability be equal; district court properly instructed jury and no evidence jury was unable to compartmentalize evidence against each defendant). Defendant has not shown that the alleged disparity of evidence between him and the other defendants will prevent him from receiving a fair trial in this matter. Further, Defendant is free to request appropriate limiting instructions from Judge Piersol.

Also, "other crimes" and bad acts evidence may be properly admitted and accompanied by instructions to the jury that the evidence should be considered only against the defendant to whom it pertains. "[T]hat evidence is admissible as to one defendant but not as to his co-defendants does not alone require severance. And, evidence of prior criminal offenses of one defendant does not prejudice his co-defendants to the level of requiring severance. Nor is a defendant entitled to severance merely because the evidence against a co-defendant is more damaging than against him." United States v. Robinson, 774 F.2d 261, 267 (8th Cir. 1985).

Accordingly, IT IS ORDERED that Defendant's Motion for Severance is DENIED.

### Defendant's Request Pursuant to 404(b), Doc. 791

Defendant has moved the court for an order compelling the United States to disclose other bad acts testimony which it intends to offer under Federal Rule of Evidence 404(b). The United States has agreed to comply, as it must, with Rule 404(b). It is hereby

ORDERED the Defendant's Motions for Disclosure of Other Acts are granted, in part, and the United States shall provide reasonable notice of its 404(b) evidence no later than two weeks prior to trial. The balance of Defendant's motions are DENIED as to items 1-5 identified in the motion. United States v. Rusin, 889 F.Supp. 1035, 1036 (N.D.Ill. 1995). (Government's notice of its intent to use other crimes evidence was not required to include dates, places and persons involved in specific acts, documents pertaining to acts, and statements of issues to which government believed such evidence was relevant.); United States v. Jackson, 850 F.Supp 1481, 1493 (D.Kan. 1994). (Notice of intent to use prior bad acts evidence need not provide precise details regarding date, time, and place of prior bad acts, but it must characterize prior conduct to degree that fairly apprises defendant of its general nature.)

### Defendant's Motion to Strike Aliases, Doc. 792

Defendant seeks to strike the use of all alias names for any indicted defendant or witness, especially the alias used for him.

Courts generally hold that the use of an alias in an indictment and in evidence is permissible

if it is necessary to connect the defendant with the alleged illegal activity. *United States v. Taylor*, 54 F.2d 200, 203 (5th Cir. 1977); *United States v. Soulek*, 474 F.2d 582, 586 (8th Cir. 1973). It appears from the record that many defendants in this case may be identified only through the use of their aliases. While the use of an alias may tend to be prejudicial, such prejudice is not unfair because it is the means by which many of the defendants were known in the community. Accordingly, Defendant's motion to strike aliases is DENIED.

### Defendant's Motion for Disclosure of Impeaching Information, Doc. 814

Defendant has moved the court for the disclosure of impeaching materials. The United States has agreed, as it must, to comply with the requirements of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972) as to any person called as a witness in this case. The United States noted, however, it is not required to provide the defense with the criminal records of all its potential witnesses but has agreed to provide the defense with the criminal records of its testifying witnesses that are properly used for impeachment purposes under the provisions of Rule 609 of the Federal Rules of Evidence. Accordingly, it is hereby

ORDERED that the Government shall, regarding testifying witnesses, disclose impeaching and exculpatory materials as required by <u>Giglio</u> and <u>Brady</u>, subject to the limitations of F.R.Evid. 609. These disclosures shall be made no later than two weeks prior to trial. The remainder of Defendant's motion is DENIED.

### Defendant's Motion for Disclosure of Confidential Informants, Doc. 815

Defendant seeks for the government to disclose the identity of any confidential informants alleging disclosure of the identity and full background of the confidential informants is vital to a fair trial. The United States objected to the request.

Before a defendant may obtain the identity of a confidential informant, the defendant must demonstrate that such disclosure is "vital to a fair trial." <u>United States v. Curtis</u>, 965 F.2d 610, 614 (8th Cir. 1992). Such a showing must be sufficient to demonstrate that the need for disclosure outweighs the government's privilege to withhold the identity of its confidential informants. <u>United States v. Harrington</u>, 951 F.2d 876, 877 (8th Cir. 1991). The defendant has failed to make a sufficient showing to overcome the government's privilege to withhold the identity of its confidential informants.

Because the defendant has failed to carry its burden of proof, Defendant's request for the government to disclose the identity and criminal records of confidential informants is GRANTED,

IN PART, only as it pertains to witnesses who will testify at trial.  Pursuant to Brady v. Maryland, 373, U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and to the extent that exculpatory information would include the identity of a confidential informant, the information shall be produced by the government two weeks before trial.  If a confidential informant does not have exculpatory information but will testify at trial, the identity of the confidential informant will be disclosed the morning of trial.  If a confidential informant has no exculpatory information and will not testify at trial, then the identity of a confidential informant is not required to be disclosed.  The balance of Defendant's motion is denied.

**Motion in Limine to Suppress Testimony Until After Sentencing, Doc. 384**
**Motion for Discovery of Jury Research Conducted by the Government, Doc. 790**
**Motions for Participation by Counsel in Voir Dire, Docs. 793**
**Motion re: Peremptory Challenges, Doc. 794**

Defense counsel has filed motions that are more properly considered as motions in limine at a later date by the trial court.  Accordingly, it is hereby

ORDERED that Defendant's Motion in Limine to Suppress Testimony Until After Sentencing, Defendant's Motion for Discovery of Jury Research Conducted by the Government, Defendant's Motion for Participation by Counsel in Voir Dire and Motion re: Peremptory Challenges are deferred to the District Court for ruling.

## CONCLUSION

As further discussed above, it is hereby

ORDERED that:

1.   The Government's Request for Disclosure (Doc. 144) is DENIED AS MOOT.

2.   Defendant's Motion for Bill of Particulars (Doc. 383) is DENIED.

3.   Defendant's Motion for Disclosure of Witness Inducements (Doc. 488) is GRANTED IN PART AND DENIED IN PART.

4.   Defendant's Motion for Severance (Doc. 788) is DENIED.

5.   Defendant's Request Pursuant to 404(b) (Doc. 791) is GRANTED IN PART AND DENIED IN PART.

6.   Defendant's Motion to Strike Aliases (Doc. 792) is DENIED.

7.   Defendant's Motion for Disclosure of Impeaching Information (Doc. 814) is GRANTED IN PART AND DENIED IN PART.

8.  Defendant's Motion for Disclosure of Confidential Informants (Doc. 815) is GRANTED IN PART AND DENIED IN PART.

9.  Defendant's Motion in Limine to Suppress Testimony Until After Sentencing (Doc. 384), Defendant's Motion for Discovery of Jury Research Conducted by the Government (Doc. 790), Defendant's Motion for Participation by Counsel in Voir Dire (Doc. 793) and Motion re: Peremptory Challenges (Doc. 794) are deferred to the District Court for ruling.

10. The motion remaining for hearing on Thursday, March 6, 2008, at 9:00 a.m. as regards Defendant Branyon Pippenger is: Defendant's Motion to Suppress (Doc. 789).

Dated this **29** day of February, 2008.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By _____, Deputy

(SEAL)