**FILED**
**NOV 29 2011**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, * | CR 07-40055-15 |
| Plaintiff, * | |
| vs. * | |
| * | MEMORANDUM OPINION AND |
| * | ORDER DENYING EMERGENCY |
| BRANYON DALE PIPPENGER, * | MOTION FOR INTERRUPTION |
| a/k/a "Bam Bam," * | OF SENTENCE |
| Defendant. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Branyon Dale Pippenger, who is currently serving a 120-month sentence at the Federal Correctional Institution, Sandstone, Minnesota, has filed an Emergency Motion for Interruption of Sentence, asking this Court to grant him a three-day furlough so that he may attend his father's funeral. Doc. 1957. Mr. Pippenger bases his Emergency Motion for Interruption of Sentence on the All Writs Act, 28 U.S.C. § 1651. Because in 18 U.S.C. § 3622(a)(2) Congress has specifically empowered the Bureau of Prisons to grant a temporary release to a prisoner to attend a funeral of a relative, the All Writs Act does not confer authority upon this Court to order the release of an inmate to attend the funeral of a relative. *See Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985)("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.").

In an unpublished decision the Eighth Circuit Court of Appeals has held that 18 U.S.C. § 3622 vests authority to grant medical furloughs with the BOP, not the federal courts. *See United States v. Premachandra*, 78 F.3d 589 (8th Cir. 1996). In the case at hand, Mr. Pippenger has sought relief from the BOP, but such relief was denied. However, without any authority from the Eighth Circuit allowing this Court to review a denial of an emergency furlough under 18 U.S.C. § 3622(a), this Court must conclude that it has no jurisdiction in this matter. *See United States v. Reed,* No. 01-Cr-20062, 2008 WL 4822045 at \*3 (C.D.Ill., Oct. 28, 2008)("Absent any on-point direction from the Seventh Circuit, this court is not willing to assume it has jurisdiction to review Bureau of Prison decisions on interruption of sentence under § 3622.").

The Court is sympathetic to Mr. Pippenger's situation. On the limited record before the Court, it appears that Mr. Pippenger is eligible for an emergency furlough under 18 U.S.C. § 3622(a)(2), 28 C.F.R. § 570.36, and Section 570.36 of the Federal Bureau of Prisons' Program Statement 5280.09(Effective Feb. 10, 2011). However, the Court is without authority to provide any relief in this matter. Accordingly,

IT IS ORDERED that Pippenger's Motion for Interruption of Sentence is denied.

Dated this 29th day of November, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)   DEPUTY