UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 07-40055-15 |
| Plaintiff, | \* | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR |
| -vs- | \* | REDUCED SENTENCE |
| BRANYON DALE PIPPENGER, | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
FILED NOV 29 2012 CLERK

Pending before the Court is Defendant's pro se motion for a reduced sentence filed pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the motion will be denied.

On June 5, 2008, Defendant was convicted by a jury of conspiracy to distribute 50 grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Following his conviction, the Court granted Defendant's motion for new trial. He was again convicted by a jury on May 28, 2009. Defendant was sentenced on September 8, 2009. His total offense level was 32. With a criminal history category of I, Defendant's advisory guideline range was 121 to 151 months imprisonment. The amount of drugs attributable to Defendant resulted in a statutory mandatory minimum sentence of 120 months. The Court granted a variance to reach the mandatory minimum and sentenced Defendant to 120 months. The Eighth Circuit affirmed his conviction and sentence. *See United States v. Pippenger*, 409 Fed.Appx. 36 (8th Cir. 2010). Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 was denied by this Court on August 6, 2012. (CIV 11-4094, doc. 19.)

On August 3, 2010, the Fair Sentencing Act ("FSA") was enacted, raising the amount of cocaine base required for imposition of a mandatory minimum sentence. *See* Pub.L. No. 111-220, 124 Stat. 2372 (2010). The United States Supreme Court has held that the more lenient penalties

of the FSA apply to those offenders whose crimes occurred before the effective date of the FSA, but who were sentenced after that date. *Dorsey v. United States*, 132 S.Ct. 2321 (2012). The FSA took effect on August 3, 2010. Defendant was sentenced on September 8, 2009. The FSA does not apply to him. The Sentencing Commission, however, amended the Sentencing Guidelines in order to implement the FSA, and the Commission voted to give retroactive effect to the new Guidelines which became effective on November 1, 2011. Since that date, the Court has been considering motions for sentence reductions pursuant to 18 U.S.C. § 3582(c) based on the crack cocaine guideline amendments ("Amendments").

Sentence reductions are permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is USSG §1B1.10, which designates the amendments to the Guidelines that may be applied retroactively. Section 1B1.10 provides, in relevant part, that a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if the amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG §1B1.10(a)(2)(B).

Because the Amendments may now be applied retroactively, *see* USSG §1B1.10(c), if the sentencing range for Defendant's offense has been lowered by the Amendments, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce Defendant's sentence. Under the new guidelines, Defendant's total offense level is 28. With a criminal history category of I, Defendant's advisory guideline range is 78 to 97 months, which is lower than at his sentencing. But, again, Defendant is subject to a 120-month statutory mandatory minimum. The Sentencing Guidelines provide that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable

guideline range, the statutorily required minimum sentence shall be the guideline sentence." USSG §5G1.1(b). Thus, when a case involves a statutory mandatory minimum sentence that exceeds the applicable guideline range, the statutory sentence becomes the guideline sentence. *See United States v. Byers*, 561 F.3d 825 (8th Cir. 2009) (holding that statutory minimum became the defendant's guideline range); *United States v. Jones*, 523 F.3d 881, 882 (8th Cir.2008) (per curiam) (where a statutory minimum is greater than the amended Guidelines range, the defendant is not entitled to a sentence reduction); *United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008) (2007 crack amendments not applicable to defendant whose statutory mandatory minimum exceeded guideline range).

Defendant's advisory guideline range is changed by the Amendments, but the 120-month statutory mandatory minimum exceeds his advisory guideline range and thus his guideline sentence remains at 120 months after application of the new crack cocaine guidelines. Consequently, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) because it is not consistent with the Sentencing Commission's policy statement at USSG §1B1.10(a)(2)(B) excluding a reduction if the crack amendment "does not have the effect of lowering the defendant's applicable guideline range." Accordingly,

IT IS ORDERED that Defendant Branyon Dale Pippenger's motion for a reduced sentence, doc. 1958, is denied.

Dated this 29th day of November, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)   DEPUTY

3